

U.S. Department of Justice
*Billy J. Williams*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*     (503) 727-1000
*Portland, OR 97204-2902*               *Fax (503) 727-1117*

April 22, 2016

Richard L. Fredericks
Attorney at Law
750 Lawrence, #2
Eugene, OR 97401

    Re:    *United States v. Scott Alan Willingham*, Case No. 3:16-CR-00125-BR
           Plea Agreement Letter

Dear Mr. Fredericks:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment charging Theft of Government Property under 18 U.S.C. § 641.

3.    **Penalties**: The maximum sentence for Theft of Government Property under 18 U.S.C. § 641 is 10 years' imprisonment, a fine of up to $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**: The parties agree that the Court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines. The Court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

**Revised 02/03/10**

Richard L. Fredericks
Re:  Scott Alan Willingham Plea Agreement
April 22, 2016
Page 2

6.     **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.  If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level (three levels if defendant's offense level is 16 or higher).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7.     **Restitution**:  The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court.  Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the indictment or information dealing with such losses will be dismissed as part of this plea agreement.

Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

Defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him.  Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing.  Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G. § 3E1.1.

Richard L. Fredericks
Re:  Scott Alan Willingham Plea Agreement
April 22, 2016
Page 3

8.  **Guideline Calculation**:  The parties agree that defendant's Base Offense Level under U.S.S.G. § 2B1.1(a)(2) is 6.  The parties further agree that 2 levels should be added under U.S.S.G. § 2B1.1(b)(1)(B), as the loss exceeded $6,500.  After acceptance of responsibility, the parties anticipate that defendant's Total Offense Level will be 6.  The parties are making no agreement regarding the defendant's Criminal History Category.

9.  **Joint Sentencing Recommendation**:  So long as defendant continues to demonstrate an acceptance of responsibility, the parties agree to recommend jointly a sentence of 6 months' imprisonment, to be followed by a 2-year term of supervised release.  As a special condition of supervised release, the parties agree to recommend jointly that defendant reside in a residential reentry center and/or a residential treatment center for up to 120 days, at the direction of the probation officer.  The parties further agree to jointly recommend that defendant undergo a mental health evaluation and participate in treatment as directed by the probation officer.  The parties are free to recommend any other special conditions of supervised release they deem appropriate.

10. **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Revised 02/03/10

Richard L. Fredericks
Re:  Scott Alan Willingham Plea Agreement
April 22, 2016
Page 4

13.  **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

14.  **Abandonment of Firearms/Property**:  By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to the any property, firearms, and ammunition that were seized by law enforcement in this investigation.

15.  **Total Agreement**:  This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied, except as agreed to by both parties on the record in open court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.  This offer expires on April 29, 2016, at 12:00 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

CRAIG J. GABRIEL
Assistant United States Attorney

I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney.  I expressly waive my right to appeal as outlined in this agreement.  I am satisfied with the legal assistance provided to me by my attorney.  I wish to plead guilty because, in fact, I am guilty.

04/28/16
Date                                                     SCOTT ALAN WILLINGHAM
                                                         Defendant

I represent defendant as legal counsel.  I have carefully reviewed and discussed every part of this agreement with defendant.  To my knowledge defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

4-28-16
Date                                                     RICHARD L. FREDERICKS
                                                         Attorney for Defendant

Revised 02/03/10